NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIO CESAR RUIZ -ARCINIEGA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   17-73337

Agency No. A078-081-951

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021[**]
Seattle, Washington

Before:  GOULD, TALLMAN, and BUMATAY, Circuit Judges.

Julio Cesar Ruiz-Arciniega ("Ruiz") petitions for review of Board of

Immigration Appeals' ("BIA") decisions denying relief under the Convention

Against Torture ("CAT") and denying his motion to reopen proceedings.  We review

the denial of CAT relief for substantial evidence.  *Arteaga v. Mukasey*, 511 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

940, 944 (9th Cir. 2007). We review the denial of a motion to reopen for abuse of discretion. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. The BIA's denial of Ruiz's CAT application is supported by substantial evidence. "[R]elief under the Convention Against Torture requires a two part analysis—first, is it more likely than not that the alien will be tortured upon return to his homeland; and second, is there sufficient state action involved in that torture." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (simplified).

The agency found that Ruiz failed to satisfy the required CAT elements. First, the agency found that Ruiz failed to show that it is more likely than not he will be tortured if removed to Mexico. Ruiz's claim relies on the premise that a former coworker, Jesus Bernal, seeks violent revenge for a dispute that occurred in 2007. Yet, Ruiz concedes that neither Bernal, nor any of his associates, have communicated with or threatened Ruiz since 2007. In his CAT proceedings, Ruiz presented no evidence that Bernal has attempted to threaten him or his family since Bernal was removed from the United States. As the Immigration Judge ("IJ") stated, "[t]he evidence of record does not indicate in any way that Jesus Bernal, his associates . . . or the Sinaloa cartel . . . have any interest in harming him whatsoever." The BIA similarly determined that Ruiz's testimony, "string[s] together a series of

suppositions to show that it is more likely than not that he will be tortured by his coworkers." The record does not compel a contrary finding. *See id.* at 1031.

Second, Ruiz failed to show that the Mexican government would consent or acquiesce to his torture. Ruiz's only specific evidence on this element is that police officers in his hometown did not intervene when they saw Bernal and other gang members driving around in pickup trucks carrying firearms. Ruiz argues that this lack of "police interference" supports a connection between Bernal and the local police. The BIA rejected this argument since the non-enforcement of a firearm regulation—absent record evidence showing otherwise—does not clearly indicate that the local police are so connected with the cartel that they would turn a blind eye to more serious crimes of torture and murder. Thus, substantial evidence supports the agency's determination that Ruiz did not satisfy the state-action element of his CAT application. *See id.* at 1033.

2.     The BIA did not abuse its discretion in denying Ruiz's motion to reopen. To prevail on a motion to reopen, an applicant must establish prima facie eligibility for relief. *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010). To do so, an applicant's new evidence must establish "a reasonable likelihood that the statutory requirements for relief have been satisfied." *Id.* (quoting *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003)).

Ruiz's new evidence consists of threatening phone calls received by his mother in Mexico. Ruiz alleges that callers gave his mother his full name and that they were waiting for him to be removed to Mexico so they could kill him. Ruiz, however, concedes that the identity of the callers was unknown. Additionally, Ruiz states that the police failed to make a formal report or otherwise help his mother when she reached out to them. Ruiz argues that these phone calls and the failure of the police to act warrants reopening.

In its denial of Ruiz's motion to reopen, the BIA credited Ruiz's factual claims and focused its analysis on the state-action element. The BIA concluded: "[a]ccepting as true that the Mexican police did not assist the applicant's mother when she contacted them . . . does not show why they did not assist, or prima facie show that the Mexican police would turn [a] blind eye to his torture or murder." As a result, the BIA determined that Ruiz could not satisfy his burden of showing that a different outcome would be likely in his case.

The BIA did not abuse its discretion in reaching this decision. Ruiz's sole evidence on the state-action element is insufficient to clearly show that the local police would consent or acquiesce to Ruiz's torture. Anonymous threatening phone calls do not rise to the level of torture and the failure to file a police report is not clear evidence that the police would turn a blind eye to torture.

Because Ruiz's new evidence does not clearly establish a prima facie case for

4

relief, the BIA's denial of his motion to reopen was not an abuse of discretion. *See id.*

3. Finally, Ruiz raises two due process arguments. Ruiz argues that his due process rights were violated because the agency failed to consider his country conditions evidence and because the agency arbitrarily denied his motion to reopen. While the Fifth Amendment guarantees due process in deportation proceedings, *Torres-Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir. 2001), Ruiz's arguments fail because the agency considered his country conditions evidence and properly denied his motion to reopen.

First, the IJ considered country conditions evidence by noting, "the country reports in some way do support that cartels have connections with the police" and that "the country conditions . . . evidence indicates that the Mexican government struggles with containing the cartels." While Ruiz argues that the agency failed to specifically discuss his similar evidence of generalized violence and corruption, the IJ didn't need to specifically discuss each piece of evidence so long as it considered all the evidence before it. *See Pirir-Boc v. Holder*, 750 F.3d 1077, 1086 (9th Cir. 2014). Thus, the agency satisfied due process here.

Second, Ruiz argues that the BIA's denial of his motion to reopen was arbitrary and violated due process. Nevertheless, as discussed, the BIA was within its discretion to deny the motion to reopen because Ruiz failed to put forward

5

sufficient evidence to establish a prima facie case for relief. As a result, the BIA did not act arbitrarily or violate due process by denying Ruiz's motion.

**DENIED.**